NATHANIEL C. GOODWIN, Also Known as NAT C. GOODWIN, Appellant, *v.* MIRROR FILMS, INCORPORATED, Respondent.

First Department, December 8, 1916.

### Deposition — examination of defendant before trial.

An actor suing to recover for salary alleged to be due under a contract of employment performed by him and also damages for a wrongful discharge, is entitled to examine the defendant before trial for the purpose of establishing both the performance and the discharge which are denied by the defendant, for as to these matters he has the burden of proof. But the order of examination is too broad in so far as it may allow the plaintiff to examine the defendant as to its defense and counterclaim and the plaintiff's reply thereto.

APPEAL by the plaintiff, Nathaniel C. Goodwin, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of October, 1916, vacating an order for the examination of the defendant by its president before trial.

*Leo R. Brilles,* for the appellant.

*John J. Curtin,* for the respondent.

PER CURIAM:

The plaintiff alleges in separate counts two causes of action: (1) To recover three installments of salary alleged to be due and unpaid under a contract for the employment of the plaintiff as a motion picture star for a period of six months, and (2) to recover damages for a wrongful discharge before the expiration of the period of employment. The answer denies performance entitling plaintiff to recover the installments of salary for services rendered prior to the alleged discharge, and also denies the discharge. It is incumbent on plaintiff both to prove performance and the discharge; and to establish these facts it was proper to authorize the examination of the defendant. The order for the examination of the defendant, however, is too broad. It authorizes an examination of the defendant with respect "to the matters set forth in the annexed affidavit relating to the plaintiff's cause of action as set forth in the

complaint herein." It may have been intended to confine the examination to proof of the issues on which plaintiff has the affirmative; but it is not clearly so limited. The affidavit relates not only to the matters upon which the plaintiff has the burden of proof in the first instance; but to the defenses and counterclaim, and to his reply thereto, and it may be said that they all relate, in a sense, to his cause of action. The order for the examination, therefore, should have been modified by limiting the examination to the issues upon which the plaintiff has the affirmative.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to vacate *in toto* the order for the examination denied, but that order should be modified, without costs, by confining the examination to the issues upon which the plaintiff has the burden of proof in the first instance, viz., with respect to performance and the discharge.

Present — CLARKE, P. J., LAUGHLIN, DOWLING, PAGE and DAVIS, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, and order for examination modified as stated in opinion, without costs. Order to be settled on notice.