MICHAEL A. VERDI, Respondent, *v.* MICHAEL NOCENTI COMPANY, Appellant.

First Department, April 5, 1917.

Deposition — examination of defendant corporation before trial — form of order — examination as to affirmative defense improper — moving affidavits insufficient.

An order for the examination of a defendant corporation before trial is improper in form where instead of requiring the examination of the corporation itself it provides for the examination of its managing agent as the adverse party, if such agent is not a party to the action adverse or otherwise.

Moreover, such order should not provide for the examination of a witness "concerning the matters relevant to the issues in this action" where the issues include affirmative defenses raised by the defendant's plea of *ultra vires* and lack of consideration for the obligation sued upon.

The order should not give the plaintiff a right to examine the defendant as to its defenses.

Affidavits examined, and *held*, insufficient to warrant an order for the examination of the defendant before trial.

APPEAL by the defendant, Michael Nocenti Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of

New York on the 5th day of February, 1917, denying defendant's motion to vacate an order for the examination before trial of one John J. Wise, alleged to be the managing agent of the defendant.

*Jesse Weil*, for the appellant.

*Guido J. Giudici*, for the respondent.

DAVIS, J.:

Among other matters the order for examination provides " that John J. Wise, the managing agent of the said defendant company be examined as the adverse party herein  * * * and submit to an examination concerning the matters relevant to the issue in this action." The order then goes on to provide that he produce all the books, etc., of the defendant corporation. This order is improper in form in the following respects: It does not provide in terms for an examination of the corporation as an adverse party. The alleged managing agent is designated as the adverse party to be examined and he is not a party to the action, adverse or otherwise. Then again the order is too broad in that it provides for the examination of the witness " concerning the matters relevant to the issue in this action." The issues in the action are not only the issue raised by defendant's denial of plaintiff's allegations in his complaint, but also the issues raised by defendant's affirmative defenses of *ultra vires* and lack of consideration for the note sued upon. An order giving the plaintiff a right to examine an adverse party as to *its* defenses cannot be sustained. And finally the affidavits upon which the order for examination was granted are clearly insufficient to warrant the making of the order. The absence therefrom of material allegations is so apparent that it is unnecessary to point them out in detail.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate the order for examination granted, with ten dollars costs.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.