ELIPHALET W. TYLER, Respondent, v. TWIN CITY · POWER COMPANY, Appellant.

First Department, October 26, 1917.

**Deposition — examination of defendant before trial — scope of order.**

An order for an examination of a defendant before trial should not direct an examination concerning the matters which are relevant to the issues in the action and are stated in the plaintiff's affidavit. The examination should be confined to the issues upon which the plaintiff has the affirmative.

APPEAL by the defendant, Twin City Power Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of June, 1917, denying its motion to vacate or modify an order for its examination before trial.

*John L. Wells*, for the appellant.

*Henry C. Moses*, for the respondent.

DOWLING, J.:

While plaintiff was entitled to an order for the examination of defendant, the form of the order granted is objectionable, in that it directs an examination " concerning the matters which are relevant to the issues in this action and are stated in said affidavit." The first part of this direction is too broad, as the examination should be confined to the issues upon which plaintiff has the affirmative. (*Goodwin* v. *Mirror Films, Inc.*, 175 App. Div. 432.) As to the second part, the impropriety of a provision for an examination " concerning

the matters which are relevant to the issues in this action "
was pointed in *Verdi* v. *Nocenti Co.* (177 App. Div. 489).
Not only would such a direction permit the adverse party to
be examined as to his defense, but the indefiniteness of the
subject-matter of the examination as thus defined is bound to
lead to confusion, involving continual reference to the affidavit
and controversy as to what it sets forth that is actually relevant
to the issues presented by the pleadings.   With the con-
stantly growing tendency to make affidavits argumentative
in character, instead of plain statements of facts, the scope
of the question raised thereby would be wide indeed.   In the
case at bar the matters set forth as the subject of examina-
tion cover nearly three printed pages.   The order appealed
from will, therefore, be reversed, with ten dollars costs and
disbursements, and the motion to modify the order for examina-
tion granted, without costs, to the extent of confining the
examination to the issues upon which plaintiff has the burden
of proof in the first instance.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements,
and motion granted to extent indicated in opinion.   Order
to be settled on notice.